145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Robert DOERN, Plaintiff-Appellant,
v.
Oregon Department of Corrections; Dan Duran, OSP Transport
Officer, Defendants,
and
Preston BEEBEE, OSP Transport Officer; Dawn Bruce, OSP
Transport Officer, Defendants-Appellees.
 No. 97-35849.
D.C. No. CV-97-00180-JMS.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 19, 1998.
 
 Appeal from the United States District Court for the District of Oregon Janice M. Stewart, Magistrate Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Robert Doern, an Oregon state prisoner, appeals pro se the district court's summary judgment in favor of defendants in Doern's 42 U.S.C. § 1983 action contending that his placement in maximum custody supervision at Oregon State Penitentiary denied him due process. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Doern contends that he was denied due process because the Classification Transfer Unit ("CTU") placed him in maximum custody supervision despite the fact that the final disciplinary report did not charge him with attempted escape. This contention lacks merit.
 
 
 4
 We may affirm the district court's judgment on any ground supported by the record. See Keenan v. Allan, 91 F.3d 1275, 1278 (9th Cir.1996). We review de novo a district court's grant of summary judgment. See Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 5
 Assuming arguendo that Doern has a protected liberty interest in freedom from transfer to maximum custody supervision, the CTU's decision to place Doern in maximum custody supervision does not violate due process because it is supported by "some evidence in the record."[1] See Superintendent, Massachusetts Correctional Inst., v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). The disciplinary board's finding, and Doern's admission, that he attempted suicide with two other inmates constitutes "some evidence" supporting the CTU's placement of Doern in maximum custody supervision. See id. The CTU's initial mistaken reliance on a non-final disciplinary board finding that Doern was guilty of attempted escape did not violate Doern's right to due process because the suicide attempt infraction alone was sufficient to justify the maximum custody supervision classification. See id at 455-56 ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). Accordingly, the district court properly granted summary judgment for the defendants on Doern's due process claim. See Keenan, 91 F.3d at 1278; Jesinger, 24 F.3d at 1130.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We assume, without deciding, that Doern has a liberty interest in not being placed in maximum custody supervision. See Sandin v. Conner, 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (limiting inmate's liberty interest to freedom from restraint that imposes "atypical and significant" hardship in relation to ordinary incidents of inmate's prison life.)